UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GINA DIODATO,

    Plaintiff,

v.                                                        Case No: 6:24-cv-682-JSS-LHP

SHANNON LUCKY, DONALD
LUCKY and DONALD LUCKY,

    Defendants.
_____/

## **ORDER**

Defendants move pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief from the court's order remanding this matter to the Seventh Judicial Circuit for Volusia County, Florida for lack of subject matter jurisdiction. (Motion, Dkt. 14.) Plaintiff opposes the Motion. (Dkt. 16.) Upon consideration, Defendants' Motion is denied.

On May 15, 2024, the court granted Plaintiff's motion to remand for lack of subject matter jurisdiction as unopposed after Defendants failed to timely respond to the motion under the court's local rules. (Dkt. 12.) Defendants argue that their failure to respond to Plaintiff's motion to remand was due to excusable neglect through a "calendaring error" by Defendants' counsel and that the court should vacate its order and permit them to respond to the motion to remand. (Dkt. 14.)[1]

---

[1] Defendants further argue that any length of delay in filing the Motion "is also small because Defendants are filing this Motion for Relief the same day as the [court's Remand] Order was entered." (Dkt. 14 at 3.) The court entered its remand order on May 15, 2024 (Dkt. 12) and Defendants filed their Motion on May 22, 2024 (Dkt. 14).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(d) further provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except if the remand is order pursuant to 28 U.S.C. §§ 1442 or 1443. 28 U.S.C. § 1447(d). Thus, "remand orders issued under [28 U.S.C.] § 1447(c) and invoking grounds specified therein like subject matter jurisdiction or untimely removal are immune from review under § 1447(d)." *Wachovia Mortg. FSB v. Marquez*, 520 F. App'x 783, 785 (11th Cir. 2013) (quoting *In re Loudermilch,* 158 F.3d 1143, 1145 (11th Cir. 1998)). Indeed, where remand is based on lack of subject matter jurisdiction, "even if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 (11th Cir. 2011) (citing *Harris v. Blue Cross/Blue Shield of Ala., Inc.,* 951 F.2d 325, 328 n.4 (11th Cir. 1992) ("We need not address whether the district court was correct in finding that the complaint did not state a substantial federal question. Since the remand order was based on the jurisdictional grounds contained in 28 U.S.C. 1447(c), review by this court is foreclosed under § 1447(d) even if the district court erred.").

Here, after Defendants failed to timely respond, the court granted Plaintiff's motion to remand and remanded this matter to state court for lack of subject matter jurisdiction pursuant to 28 U.S.C § 1447(c). *See* (Dkt. 12.) The court is precluded by

28 U.S.C. § 1447(d) from reviewing that order as it lacks jurisdiction over this case. *See* 28 U.S.C. § 1447(d); *Bender*, 657 F.3d at 1204 (holding that district court's remand order was not reviewable by district court on motion to reconsider pursuant to Rule 60(b)); *Deutsche Bank Tr. Co. Americas v. Hunt*, No. 22-14225, 2023 WL 5668660, at *1 (11th Cir. Sept. 1, 2023) ("When a district court remands a case to state court for lack of subject matter jurisdiction, it cannot review its decision by entertaining a motion for reconsideration."), *cert. denied,* 144 S. Ct. 810 (2024).

Accordingly, Defendant's Motion for Relief from Order (Dkt. 14) is **DENIED**. This matter remains remanded to the Seventh Judicial Circuit in and for Volusia County, Florida.  *See* (Dkt. 12.)

**ORDERED** in Orlando, Florida, on May 28, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record